Ross C. Swartz, Appellant, v. Frank P. Jones and John E. Hyatt, Appellees.

Gen. No. 9,676.

Opinion filed March 3, 1950. Released for publication March 29, 1950.

WILLIAM F. SMITH, of Clinton, for appellant.

HERRICK & RUDASILL, of Clinton, for appellees; WIRT HERRICK and A. J. RUDASILL, both of Clinton, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

This is an action to revive a judgment.

The complaint filed by plaintiff appellant, Ross C. Swartz, in the circuit court of DeWitt county on March 17, 1948, alleged that on July 29, 1940, a judgment was entered in said court in favor of H. O. Feldmann, as agent of shareholders of the John Weedman National Bank of Farmer City, and against the defendants appellees, Frank P. Jones and John E. Hyatt, for $4,857.17 and costs of suit, that such judgment was entered in judgment docket "H" on page 233, and recorded in "Confession Open Court and Vacation Docket 7," that thereafter on, to-wit, September 6, 1941, said H. O. Feldmann, as such agent, by his assignment and writing of that date, for a valuable consideration, sold, assigned, transferred and set over to the plaintiff said judgment, and that said judgment was in full force and was due plaintiff as such assignee. The complaint prayed that said judgment be revived and declared in full force and effect, and that judgment be entered thereon against the defendants for $6,697.17.

Attached to and by reference made a part of the complaint was a copy of said alleged assignment dated September 6, 1941, which stated that Feldmann, as agent of the shareholders of said bank for a valuable consideration, assigned to Swartz all of his right, title and interest in and to the judgment in question. Attached to the assignment was a certificate of acknowledgment dated September 6, 1941.

The amended answer of the defendants denied all of the allegations of such complaint.

By way of affirmative defense, such answer alleged that Feldmann was not the duly authorized and lawful agent of said shareholders at the time of the purported assignment, that such assignment was illegal and void for the reason that it was beyond the scope of the power and authority of Feldmann to act as such agent, and that the alleged judgment was never assigned by Feldmann purporting to act as such agent.

By way of affirmative defense, such answer then alleged that such alleged judgment was based on a promissory note dated August 29, 1928, for $3,000, payable to said bank, signed by W. G. Shell, and by the defendant John E. Hyatt as "J. E. Hyatt," and by the defendant Frank P. Jones as "F. P. Jones," that Swartz or his predecessors in title had theretofore executed an instrument releasing Shell from said obligation and thereby, by law, had released the present defendants from said obligation.

The case was tried without a jury. At the conclusion of all of the evidence the court entered judgment in favor of defendants. Plaintiff appeals.

Plaintiff introduced in evidence the written assignment referred to in the complaint. No other written assignment was offered. Later it was affirmatively proved by defendants that by an order of the United States District Court, for the Southern District of Illinois, Feldmann was duly discharged as such agent on July 3, 1942. Defendants then proved that such alleged assignment was not executed or delivered to the plaintiff until sometime in August 1946. Plaintiff apparently no longer relies on such written assignment. Therefore we do not consider it necessary to make further comment thereon.

After due proof of their authenticity, the court admitted in evidence, over the objection of defendants, a record of said circuit court labeled "Judgment and Execution Docket 'H,' " and a record of said court labeled "Confessions Open Court and Vacation 7." The court also admitted in evidence over the objection of defendants certified copies of records of the United States District Court, for the Southern District of Illinois, in a cause designated as cause "No. 1678."

■ Defendants assign as cross-error the admission of all of such records. We consider it sufficient to say that it is our opinion that there is no merit to any of such cross-errors.

15

Such documentary evidence shows the following:

(1) On April 23, 1932, such District Court in cause 1678 entered an order which found that said Feldmann was duly appointed receiver of the bank in question on February 19, 1932. Such order ordered that such District Court take jurisdiction of the receivership of said bank.

(2) On July 29, 1940, a judgment by confession was entered in said Circuit Court in favor of H. O. Feldmann, as agent of shareholders of the bank in question, and against Frank P. Jones and John E. Hyatt, for the sum of $4,857.17 and costs of suit.

(3) On May 15, 1941, such District Court entered an order in cause 1678 which found that at a meeting of the shareholders of said bank on December 29, 1936, said Feldmann was duly elected and qualified as "Agent of Shareholders" of said bank, that from March 13, 1937, Feldman had been and was the duly elected and acting receiver of said bank, that there had come to the possession of Feldmann, as such agent, one promissory note dated August 8, 1928, executed by W. G. Shell, J. E. Hyatt, and F. P. Jones for $3,000, bearing interest at 7 per cent per annum, maturing six months after date, that there was due thereon a principal balance of $2,405.75, that said note had been charged off prior to the suspension of the bank, that on July 22, 1940, in said Circuit Court said agent recovered a judgment on said note against J. E. Hyatt and F. P. Jones in the amount of $4,857.17 and costs, that the liabilities of Shell exceeded his assets by $2,575.42, and that Shell had offered to pay $150 for a covenant not to sue him upon said note. Such order then ordered, among other things, that such agent be authorized and directed to accept such compromise offer of Shell for a covenant not to sue said Shell upon said note and to execute a covenant in writing not to sue said Shell thereon.

16

(4)   On June 24, 1941, Feldman, as such agent, filed in cause 1678 his petition in which he alleged he had certain assets of said bank which he had been unable to reduce to cash and which he believed were then uncollectible, that such assets constituted all the remaining assets of said bank of every kind and nature, ''as hereinafter named on Exhibit A and hereby made a part of this petition by reference,'' that in his opinion it was to the best interest of the trust and the shareholders of the bank that said remaining assets be offered for sale at public vendue, subject to the approval of the court, and that ''There may be choses in action . . . and judgments . . . which may be in the name of or belong to petitioner . . .'' as such agent, ''and of which the petitioner has no knowledge,'' and that it would be for the best interest of all parties concerned to sell, ''such choses in action, liens, etc. at the sale of the remaining assets of said bank.'' The petition prayed that the petitioner be authorized to sell ''the remaining assets belonging to said trust.''

Exhibit A attached to such petition was labeled ''Additional Assets,'' and contained a description of several assets. One of such assets was described therein as follows:

| ''MAKER OF NOTE | DATE | PER CENT | DUE DATE | PRINCIPAL BALANCE |
|---|---|---|---|---|
| '' *Shell, W. G.,) | | | | |
| ''Hyatt, J. E.,  ) | 8/29/28 | 7 | 2/29/29 | $2255.75 |
| ''Jones, F. P.,  ) | | | | |
| O/A of note  3000.00 | | | | |

. . .
''(*) Reduced to judgment on 7/22/40, Covenant not to sue W. G. Shell.''

(5)   On June 24, 1941, said District Court entered an order in said cause, which found ''that the assets listed in the schedule marked Exhibit A attached to the (said) petition constitute all the remaining assets''

17

of said bank "of every kind and nature, . . . that there may be choses in action . . . and judgments . . . which may be in the name of or belong to the petitioner . . . and of which petitioner has no knowledge," and that it would be for the best interest of all parties concerned for such agent to sell such "remaining assets," and such "choses in action . . . etc." at the sale of the remaining assets of said bank. Such order then ordered that the remaining assets of the trust, "as set forth" in said Exhibit A, including any and all choses in action . . . judgments . . . interests in any and all other property . . . with the exception of any cash in the petitioner's hands . . . be sold by such agent at public auction on July 19, 1941, for cash, subject to the approval of the court.

(6) On August 12, 1941, Feldmann, as such agent, filed in said cause his report of sale in which he stated that he had held such sale pursuant to such order of court, and that at said sale Ross C. Swartz offered and bid $255.10 for all of the assets set forth in said Exhibit A, and that that being the highest and best bid he then sold said assets to said Swartz and Swartz had paid him therefor.

(7) On August 19, 1941, said District Court entered an order in said cause which confirmed and approved such sale, and ordered such agent to indorse and deliver to Swartz the assets described in said Exhibit A.

There was no contradictory evidence.

Appellees offered no evidence in support of the alleged affirmative defense of release, and do not contend that they have been released. In their brief appellees say they are not contesting on its merits the judgment entered against them on July 29, 1940.

The contention of the appellees is that the proofs do not show that appellant is the lawful owner of such judgment, and that appellant cannot maintain this suit as assignee of such judgment.

18

The contention that appellent is not the owner of such judgment is based on the fact that "Exhibit A" attached to the petition filed June 24, 1941, in describing the asset to be sold, contains the notation, "Reduced to judgment on 7/22/40," instead of July 29, 1940.

It will be noted that Exhibit A describes a note for $3,000 executed by W. G. Shell and by the two appellees as being dated August 29, 1928, bearing interest at 7 per cent per annum, due six months after its date, and states that said note was "Reduced to judgment on 7/22/40, Covenant not to sue W. G. Shell." It will be further noted that the order of May 15, 1941, found that such agent had one note dated "August 8, 1928," executed by Shell and the two appellees for $3,000, bearing interest at 7 per cent per annum, maturing six months after its date, and that such agent had recovered a judgment thereon against the two appellees for $4,857.17 and costs,—which was the exact amount of the judgment now sued on. It will also be noted that in appellees answer to the complaint they say the judgment sued on was based on a promissory note, dated August 29, 1928, for $3,000, payable to said bank, signed by W. G. Shell and by the two defendants.

From these undisputed facts, notwithstanding the discrepancies in the dates, it is our opinion that the District Court records sufficiently identified the judgment now being sued on as being the judgment which was duly sold to appellant, and that the undisputed facts clearly show that appellant duly bought at the District Court sale and paid for such judgment, and that such sale was duly approved by the court, and it is our opinion that such facts clearly show that appellant is the owner of such judgment.

The only remaining question is whether appellant can maintain this action in his own name.

Sec. 22 of our Civil Practice Act (par. 146, ch. 110, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.022])

provides that, "The assignee and owner of a nonnegotiable chose in action may sue thereon in his own name . . . . Any civil action hereafter brought . . . under or by any subrogation by operation of law shall be brought either in the name of, or for the use of the subrogee . . . ." Sec. 31, par. 155 of such Practice Act [Jones Ill. Stats. Ann. 104.031] provides, "Neither the names heretofore used to distinguish the different ordinary actions at law, nor any formal requisites heretofore appertaining to the manner of pleading in such actions respectively, shall hereafter be deemed necessary or appropriate, and there shall be no distinctions respecting the manner of pleading between such actions at law and suits in equity, other than those specified in this Act and the rules adopted pursuant thereto; but this section shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity." Sec. 4, par. 128 of said Act [Jones Ill. Stats. Ann. 104.004] provides that "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto."

It is our opinion that the above quoted provisions of the Practice Act permit plaintiff to maintain this action in his own name.

The judgment of the circuit court is therefore reversed and the cause is remanded to such court with directions to that court to enter a judgment in favor of the plaintiff appellant and against the defendants appellees for the amount due and unpaid on such judgment.

*Reversed and remanded.*